UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES DESTEFANO,

    Plaintiff,

v.                                                     CASE NO: 8:05-cv-1299-T-23MSS

HOME SHOPPING NETWORK, INC.,

    Defendant.

_____/

## **ORDER**

      James Destefano ("the plaintiff") sues Home Shopping Network, Inc. ("HSN") for age discrimination pursuant to Section 760.10, Florida Statutes ("The Florida Civil Rights Act"). Asserting federal jurisdiction based on diversity of citizenship, HSN removes this action (Doc. 1) pursuant to 28 U.S.C. §§ 1332(a) and 1441(b). The plaintiff moves to remand (Doc. 13) and argues that HSN has failed to establish by a preponderance of the evidence either the requisite amount in controversy or complete diversity of citizenship.

      Subject matter jurisdiction exists in a civil action if the amount in controversy exceeds $75,000 and the action is between "citizens of different States." 28 U.S.C. § 1332(a)(3). As the removing party, HSN bears the burden of establishing subject matter jurisdiction. Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005). Because the plaintiff's complaint (Doc. 2) fails to claim a specific amount of damages, HSN must prove by a preponderance of the evidence that the

amount in controversy exceeds $75,000.  Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).  In determining whether the amount in controversy is satisfied, "a district court may properly consider post-removal evidence."  Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

HSN's notice of removal (Doc. 1) contains only the conclusory allegation that the jurisdictional amount is satisfied, which fails on its face to satisfy HSN's burden to prove the requisite amount in controversy.  See Williams, 269 F.3d at 1319-20.  However, HSN's response (Doc. 17) to the motion to remand includes the declaration (Doc. 17 at 8-9) of Kristi Marckese, Vice President of Benefits ("Marckese").  Marckese declares that the plaintiff's "base salary" was $95,000 (Doc. 17 at 8) and that the plaintiff had accumulated paid time off worth $4,749.68 (Doc. 17 at 8).  Marckese further declares that the plaintiff received $787.45 each month in life, health, and disability insurance benefits.

The complaint alleges that HSN terminated the plaintiff on November 1, 2004, and requests, among other relief, back wages and benefits due at the time of trial.  Based upon Marckese's declaration, a jury verdict awarding the plaintiff full back pay and benefits from November 1, 2004, would clearly exceed $75,000.  Calculated as of March 1, 2006, the plaintiff's back wages alone amount to $126,666.66 ($95,000 from November 1, 2004, to November 1, 2005, plus $31,666.66 from November 1, 2005, to March 1, 2006).  Because the plaintiff presents no evidence to the contrary, HSN has

demonstrated by a preponderance of the evidence that the jurisdictional amount is satisfied.[1]

As the removing party, HSN must also establish complete diversity of citizenship between each named plaintiff and defendant. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999) (citing Strawbridge v. Curtiss, 7 U.S. 267 (1806)). For establishing complete diversity of citizenship, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Of course, HSN must establish only that it is a foreign corporation having its principal place of business in a state *other than* Florida. Walker v. Armco Steel Corp., 446 U.S. 740, 741-42 (1980) (holding that diversity jurisdiction existed where one party was "a resident of Oklahoma" and the opposing party was "a foreign corporation having its principal place of business in a State other than Oklahoma").

In response to the plaintiff's motion to remand, HSN argues that the plaintiff has mistakenly sued the wrong entity (Doc. 17 at 4) and that, because of a corporate reorganization, HSN is "a holding company and a subsidiary of IAC/InteractiveCorp" (Doc. 17 at 10). However, that the plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the plaintiff's claim and otherwise fails to inform whether diversity jurisdiction exists between the named parties to the action. See

---

[1] Of course, HSN's third affirmative defense (Doc. 3 at 4), which states that "Plaintiff has failed to mitigate his damages," creates the possibility that HSN is entitled to offset from the plaintiff's damages any amount the plaintiff has earned or should have earned since his discharge. However, neither the plaintiff nor HSN provide any evidence upon which to calculate such an offset in determining the jurisdictional amount.

Lincoln Property Co. v. Roche, 126 S.Ct. 606, 613-14 (2005) (holding that a court need not consider on a motion to remand whether "some other entity affiliated" with a corporate defendant should have been joined as a co-defendant).  Further, "a subsidiary corporation has its own principal place of business for purposes of diversity jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation." Shell Rocky Mountain Production, LLC v. Ultra Resources, Inc., 415 F.3d 1158, 1163 (10th Cir. 2005)(quoting 13B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3624, at 635 (2d ed. 1984)).  HSN advances no argument that it is a mere alter ego of IAC/InteractiveCorp.

HSN unquestionably is a foreign corporation, and neither party disputes that HSN is incorporated in Delaware.  The only remaining question is whether HSN's principal place of business is Florida, which would destroy complete diversity of citizenship.  The plaintiff claims that HSN is "a sales enterprise which has a 53-acre corporate campus which offers broadcasting capacity and executive suites in St. Petersburg, Florida" (Doc. 13 at 3).  In support, the plaintiff points to HSN's corporate internet website, www.hsn.com, which contains a link entitled "Company Information" that proclaims:

> **HSN**, an operating business of IAC/InterActiveCorp (Nasdaq: IACI), originated the electronic retailing concept in 1977 on a small AM radio station in Florida.  The company has since evolved into a global multi-channel retailer on TV, where HSN is now the 4th largest cable television network in the U.S.; the Internet, through hsn.com; and catalogs such as Improvements and Home Focus.  In 2004, HSN generated worldwide consolidated sales of $2.4 billion, answered 66 million calls and delivered 50 million packages worldwide.
>
> **Headquarters:**
> Maintains a 500,000 square-foot facility on 53 acres in St. Petersburg,

> Florida.
>
> **Employees:**
> 4,500
>
> **Parent Company:**
> HSN in a subsidiary of IAC/InterActiveCorp (NASDAQ: IACI)
> Barry Diller is IAC's Chairman & CEO

Although failing to identify its principal place of business, HSN denies that it is a citizen of Florida (Doc. 17 at 3). In support, HSN relies on the skeletal declaration of Susan Miller ("Miller"), which provides scant evidence as to HSN's true principal place of business (Doc. 17 at 10-11). Miller declares that "[HSN] is a Delaware corporation with foreign qualification to do business in Florida, and is a holding company and subsidiary of IAC/InteractiveCorp" (Doc. 17 at 10). Miller further declares that "On June 22, 2005, [HSN] did not have any employees working in Florida, did not have any offices in Florida, and did not conduct any sales or production activities in Florida. At that time, the corporate offices were located at 152 West 57th Street, New York, New York 10019" (Doc. 17 at 11).

"A corporation's principal place of business is determined by looking at the 'total activities' of the corporation." Sweet Pea Marine, 411 F.3d at 1247 (quoting Bel-Bel Int'l Corp. v. Cmty. Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998)). "This analysis incorporates both the 'place of activities test' (focus on production or sales activities), and the 'nerve center' test (emphasis on the locus of the managerial and policymaking functions of the corporation)." Sweet Pea Marine, 411 F.3d at 1247 (quoting Vareka Unv., N.V. v. Am. Inv. Properties, Inc., 724 F.2d 907, 910 (11th Cir.

1984)).  Miller's sparse declaration and HSN's conclusory statements in response to the motion to remand present nothing probative by which to evaluate the "total activities" of the corporation, which legally determines the state of HSN's principal place of business. HSN fails altogether to address the significance of the Florida facility touted on the company's corporate website.  Precisely what functions, if any, HSN's 53-acre Florida "headquarters" performs and the relationship that office has to HSN's other far-flung activities remain unclear.  Failing to satisfactorily explain the corporate information provided on HSN's corporate website, HSN instead improperly and evasively attempts to shift the burden of proof to the plaintiff (Doc. 17 at 4).

In sum, HSN fails to prove -- fails, in fact, to address meaningfully -- whether HSN is a citizen of Florida and therefore fails to meet its burden of proving diversity jurisdiction by a preponderance of the evidence.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (the party removing an action bears the "burden of proving that federal jurisdiction exists"); Media Duplication Services, Ltd. v. HDG Software, Inc., 928 F.2d 1228, 1236 (1st Cir. 1991) ("Where there is inadequate evidence adduced to establish the location of a corporation's principal place of business at the time the complaint was filed, there are insufficient facts to support diversity jurisdiction.").  Because a federal court enjoys limited jurisdiction, "there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Russell Corp. v. American Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001).  Accordingly, the plaintiff's motion to remand (Doc. 13) is **GRANTED** and this action is **REMANDED**.  The plaintiff's

request for attorney fees incurred in responding to the remand motion is **DENIED**.  The Clerk is directed to (1) mail a certified copy of this order, pursuant to 28 U.S.C. § 1447(c), to the Clerk of the Circuit Court for Pinellas County, (2) terminate any pending motion, and (3) close the case.

ORDERED in Tampa, Florida, on March 6, 2006.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE